# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| **Terminated** Plaintiff/Interpleader, | )<br>) |
| v. | ) Case No. 1:15-cv-01896-TWP-MPB |
| CAROLYN IVIE, JACK IVIE, and FREEMAN FAMILY FUNERAL HOME, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Defendant Carolyn Ivie ("Carolyn") (Filing No. 28) for claims against the other Defendants in this case. For the following reasons, the Court **DENIES** the Motion for Summary Judgment.

## I.    BACKGROUND

**A.    Procedural Background.**

Metropolitan Life Insurance Company ("MetLife") initiated this action by filing a Complaint in Interpleader on December 2, 2015 (Filing No. 1). At issue are the rival claims as to who the true designated beneficiary is regarding the life insurance policy of Decedent Roger Ivie ("Mr. Ivie"). Specifically, MetLife asked the Court to litigate, settle and adjust the Defendants' claims and determine to whom Mr. Ivie's Navistar International Transportation Corporation Retiree Life Insurance Program ("the Plan") benefits, plus any applicable interest, should be paid. An Agreed Motion for Interpleader and Dismissal of MetLife from this action was filed on October 24, 2016. (Filing No. 27). The parties agreed that MetLife was merely a stakeholder and claimed

no beneficial interest in the life insurance benefits (other than attorney fees and costs of this matter) payable under the Plan. Accordingly, MetLife was permitted to tender to the Clerk of the Court the life insurance benefits payable under the Plan, plus interest and minus its attorney fees and costs reduced to the amount of $1,500.00. Plaintiff Metlife was **dismissed with prejudice** from this action on November 30, 2016 and the Defendants were instructed to litigate their claims among themselves. ([Filing No. 33 at 3](Filing No. 33 at 3).) Thereafter, Defendant Carolyn Ivie filed her summary judgment motion ([Filing No. 28](Filing No. 28)) and Defendant Jack Ivie filed a response ([Filing No. 36](Filing No. 36)). Defendant Freeman Family Funeral Home elected not to file a summary judgment brief asserting its claims will be adequately addressed in the above-referenced party briefs. ([Filing No. 26](Filing No. 26).) Although listed in the caption of this Entry, all claims and proceedings against Metlife have been **terminated**.

**B.    Factual Background.**

The following facts are undisputed. This case surrounds the death benefits of Mr. Ivie, an employee of Navistar, Inc. ("Navistar"). Mr. Ivie was a participant in the Plan, an ERISA-governed employee welfare benefit plan sponsored by Navistar, and funded by a group life insurance policy issued by MetLife. As the claim fiduciary, MetLife must administer claims in accordance with ERISA and the documents and instruments governing the Plan. *See* 29 U.S.C. § 1104(a)(1)(D).

The Plan establishes the right of a Plan participant to name his or her beneficiary. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). At the time of his death, Mr. Ivie was enrolled under the Plan for Basic Life insurance coverage in the amount of $10,000.00 (the "Plan Benefits"). The Plan Benefits became payable upon Mr. Ivie's death.

On October 19, 2009, Mr. Ivie designated his son, Jack Ivie ("Jack"), as the sole beneficiary of the Plan Benefits. In May 2014, Mr. Ivie was diagnosed with stage IV lung cancer metastatic to the liver and, on May 30, 2014, listed Jack as his Power of Attorney. Thereafter, on September 30, 2014, Mr. Ivie married Carolyn. One week prior to marrying Carolyn, on September 23, 2014, Mr. Ivie designated Carolyn as his Power of Attorney and, on October 1, 2014, listed her as the sole beneficiary of the Plan. Mr. Ivie died less than one week later, on October 7, 2014.

After Mr. Ivie died, Jack attempted to claim the Plan Benefits. On October 15, 2014, however, MetLife informed Jack of the beneficiary change made just two weeks prior, on October 1, 2014. The following day, on October 16, 2014, Carolyn claimed the Plan Benefits and requested MetLife to assign and release $7,156.05 of the Plan Benefits to Freeman Family Funeral Home. The assignment to Freeman Family Funeral Home includes an outstanding balance of $2,916.05 for Mr. Ivie's funeral services, as well as an outstanding balance of $4,240.00 owed by Carolyn for the funeral services provided to her previous husband, William Wells. That same day, October 16, 2014, MetLife received a letter from Jack contesting all claims filed in connection with the Plan Benefits, contending issues of undue influence exist.

On October 24, 2016, MetLife filed a Complaint and a Motion for Interpleader, asking the Court to issue an Order requiring the Clerk of the Court to maintain the Plan Benefits until the Court determines the true owner of the Plan Benefits. ([Filing No. 1](); [Filing No. 27]().) On November 23, 2016, Carolyn filed a Motion for Summary Judgment, asserting there is no dispute that Mr. Ivie designated her as the sole beneficiary of the Plan on October 1, 2014. ([Filing No. 28]().) Carolyn also points to the sworn affidavit of James R. Lisher ("Lisher"), Carolyn's former attorney in this matter, when contending that Mr. Ivie "willingly, knowingly, freely, and voluntarily" designated Carolyn as the sole beneficiary of the Plan. ([Filing No. 30](). at 84.) In response, Jack argues a

3

material issue of fact remains regarding whether Mr. Ivie was unduly influenced to make changes to the Plan. (Filing No. 36.)

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted). Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only where there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007) (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties

nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III. **DISCUSSION**

Undue influence is a question of fact that is rarely disposed of by summary judgment. *In re Rhoades*, 993 N.E.2d 291, 301 (Ind. Ct. App. 2013). It is defined as "the exercise of sufficient control over the person, the validity of whose act is brought into question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised." *Id.*; *Hamilton v. Hamilton*, 858 N.E.2d 1032, 1037 (Ind. Ct. App. 2006). Under Indiana law, undue influence is presumed where a plaintiff establishes: (1) the existence of a confidential relationship, and (2) the dominant party—in whom the subordinate party placed his trust and confidence—benefits from the questioned transaction. *Id*. The burden of proof then shifts to the dominant party to rebut the presumption by clear and unequivocal evidence that the questioned transaction was valid. *Hamilton*, 858 N.E.2d at 1036.

Jack argues undue influence exists—despite the contention outlined in Lisher's affidavit—because, at the time Mr. Ivie signed the documents granting Carolyn Power of Attorney and sole beneficiary of the Plan, Mr. Ivie was on heavy medication and undergoing chemotherapy, as well as radiation for cancer. Jack contends, as Power of Attorney, Carolyn was in a confidential relationship with Mr. Ivie. *See Villanella v. Godbey*, 632 N.E.2d 786, 790 (Ind. Ct. App. 1994) (holding the power of attorney in defendant created a fiduciary relationship between defendant and decedent). Jack argues that attorney Lisher was also in a privileged relationship with Mr. Ivie, as he was attorney for both Carolyn and Mr. Ivie. In addition, Jack asserts that Carolyn benefits from

5

Mr. Ivie designating her sole beneficiary of the Plan, pointing to Carolyn assigning a substantial portion of the Plan Benefits to pay for the funeral expenses of her first husband.

The Court notes that Jack presented sufficient evidence to establish a presumption of undue influence, and Carolyn did not file a Reply Brief to rebut the presumption. *See Hamilton*, 858 N.E.2d at 1036 (after a plaintiff establish undue influence, the burden of proof then shifts to the dominant party to rebut the presumption by clear and unequivocal evidence that the questioned transaction was valid). Upon reviewing the entire record, the Court finds a material issue of fact remains regarding whether Mr. Ivie was unduly influenced when signing the documents designating Carolyn sole beneficiary of the Plan. *Compare* ([Filing No. 1-2 at 3](#)) *with* ([Filing No. 1-3](#)).

### IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Carolyn Ivie's Motion for Summary Judgment. ([Filing No. 29](#).) The Court concludes a material issue of fact exists regarding whether Roger Ivie was unduly influenced when designating Carolyn Ivie sole beneficiary of the Plan, one week prior to his death. The parties are instructed to confer regarding case management deadlines and to contact the Magistrate Judge within **fourteen (14) days of the date of this Entry** to schedule a pretrial conference to finalize a case management plan.

**SO ORDERED.**

Date: 4/25/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Carolyn Ivie
6673 South Washington Road
Shelbyville, Indiana 46176

Randall Robert Shouse
SHOUSE & LANGLOIS
rshouse@ameritech.net

Sean Robert Roth
MCNEELY STEPHENSON THOPY & HARROLD
srroth@msth.com